```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JACQUELINE C. GRAY a/k/a Jacqueline C.
Grey, Individually and on behalf of a class,
                                                                Case No.   17-cv- 1108
                        Plaintiff,

        - against –

SIMON'S AGENCY, INC.,

                        Defendant.
-----------------------------------------------------------X
```

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant Simon's Agency, Inc.  Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information.  15 U.S.C. §§ 1692e, and 1692g.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

4. Plaintiff is an individual resident of the State of New York, residing in the County of Westchester. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

5. Defendant, Simon's Agency, Inc. is a New York Domestic Business Corporation doing business in New York with a principal place of business located at 4963 Wintersweet Dr., Liverpool, New York 13088. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

6. On or about July 27, 2016, Plaintiff was mailed the collection letter attached as Exhibit A (the "Collection Letter"). Plaintiff received it in the ordinary course of mail.

7. Exhibit A sought to collect a debt incurred for personal, family or household use and not for business purposes.

8. Exhibit A is, on information and belief, a form letter.

I. **Improper Validation Notice**

9. The Collection Letter stated in part:

"Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days of receipt of this letter, we will assume that this debt is valid. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and mail you a copy. We will also provide you with the name and address of the original creditor, if different from the current creditor, upon your written request within the thirty (30) day period."

10. The alleged debt is owed to Raymour & Flanigan. Plaintiff is not aware if Raymour & Flanigan did or did not obtain a judgment against her.

11. Pursuant to 15 U.S.C. § 1692g(a)(4), the Defendant must provide the Plaintiff with the following mandatory statutory Validation of Debt language:

> **(a) NOTICE OF DEBT; CONTENTS** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt **or a copy of a judgment against the consumer and a copy of such verification or judgment** will be mailed to the consumer by the debt collector (emphasis added).

12. 15 U.S.C. § 1692e(10) provides in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

13. Defendant's Collection Letter misleadingly omits the requirement to notify the consumer of its obligation to obtain *a copy of a judgment* and to *mail a copy of such judgment* to the consumer if the consumer notifies the debt collector in writing within the thirty-day period that the debt is disputed as is required by 15 U.S.C. § 1692g(a)(4).

14. This requirement of 15 U.S.C. § 1692g(a)(4) is not optional and cannot be voluntarily omitted even in the event that no judgment was obtained.

15. Any potential *bona fide* error defense which relies upon defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law.

16. As a result of defendant's false representation and deceptive and unfair debt collection practices, plaintiff has been damaged.

**II.**   **Failure to State who is True Creditor and who is Current Creditor**

17. Exhibit A failed to clearly identify the name of the creditor to whom the debt is owed.

18. Exhibit A states, "Original Creditor: RAYMOUR & FLANIGAN."

19. Exhibit A fails to identify any entity as the "current creditor," "original creditor," or "creditor to whom the debt is owed."

20. "RAYMOUR & FLANIGAN" even if meant as the creditor to whom the debt is owed (which is not stated in the letter), is not the creditor to whom the debt is owed.

21. Raymour & Flanigan provides financing to its customers through a private label credit card program issued by TD Bank. Therefore, the Plaintiff's debt is not owed to Raymour & Flanigan, but rather is owed to TD Bank. Defendant's collection letter makes no reference to TD Bank.

22. Defendant failed to explicitly and clearly state the name of the creditor to whom the debt is owed.

23. The language contained on the front of Exhibit A is false, deceptive, and misleading in that Plaintiff does not know the name of the creditor to whom the debt is owed.

24. This language "overshadows" and/or "contradicts" the Validation Notice provided by Defendant in that it overshadows and contradicts Plaintiff's absolute right to dispute the debt, absolute right to seek validation of the debt, and absolute right to request the name of the current creditor.

25. Defendant's actions as described herein violate 15 U.S.C. §§1692e and 1692g,

26. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

**FIRST CAUSE OF ACTION**
(Violation of 15 U.S.C. § 1692g(a)(4))

27. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 26 of this Complaint as though set forth at length herein.

28. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

29. 15 U.S.C. § 1692g(a)(4) states that after an initial communication, the Defendant must provide Plaintiff with:

> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector (emphasis added).

30. Defendant sent a Collection letter to Plaintiff on behalf Raymour & Flanigan in an attempt to collect a consumer debt.

31. By claiming to have given Plaintiff the information required by the FDCPA, Defendant has attempted to mislead the Plaintiff into believing that the Collection Letter contains the proper notice required under the FDCPA.

32. Defendant's Collection Letter incorrectly omits the requirement to notify the consumer of its obligation to obtain *a copy of a judgment* and to *mail a copy of such judgment* to the consumer if the consumer notifies the debt collector in writing within the thirty-day period that the debt is disputed as is required by 15 U.S.C. § 1692g(a)(4).

33. As a result of defendant's violation of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, actual damages, costs and attorney fees.

**SECOND CAUSE OF ACTION**
(Violation of 15 U.S.C. § 1692e(10)

34. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 33 of this Complaint as though set forth at length herein.

35. 15 U.S.C. § 1692e(10) provides in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

36. Defendant's Collection Letter misleadingly omits the requirement to notify the consumer of its obligation to obtain *a copy of a judgment* and to *mail a copy of such judgment* to the consumer if the consumer notifies the debt collector in writing within the thirty-day period that the debt is disputed as is required by 15 U.S.C. § 1692g(a)(4).

37. By claiming to have given Plaintiff the information required by the FDCPA, Defendant has attempted to mislead the Plaintiff into believing that the Collection Letter contains the proper notice required under the FDCPA.

38. Defendant's Collection Letter would be confusing and misleading to the least sophisticated consumer with regard to his/her legal rights as it omits the requirement for providing a copy of a judgment against the consumer upon his/her written dispute of the debt thereby misleading the consumer to believe that he/she is not entitled to know if a judgment was obtained and if it was obtained, then he/she is not entitled to see it despite the clear requirements of 15 U.S.C. § 1692g(a)(4).

39. As a result of defendant's violation of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, actual damages, costs and attorney fees.

### THIRD CAUSE OF ACTION
(Violations of 15 U.S.C. § 1692g)

40. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 39 of this Complaint as though set forth at length herein.

41. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

42. Section 1692g(a) states that:

**(a) Notice of debt; contents** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

**(2)** the name of the creditor to whom the debt is owed;

43. When determining whether "the name of the creditor to whom the debt is owed" has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

44. As indicated above, Exhibit A is confusing, contradictory and unclear. Even a sophisticated consumer would have a difficult time deciphering to whom the debt is owed to in light of the failure to reference the "current creditor," or "creditor to whom the debt is owed" without further clarification.

45. Exhibit A fails to list the name of the creditor to whom the debt is owed to by listing a creditor that is not and never was the true creditor.

46. The least sophisticated consumer would likely be confused and uncertain as to the name of the creditor to whom the debt is owed.

47. Defendant has violated 15 U.S.C. § 1692g as it failed to clearly convey the "creditor to whom the debt is owed." As a result of defendant's violation of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, actual damages, costs and attorney fees.

**FOURTH CAUSE OF ACTION**
(Violations of 15 U.S.C. § 1692e)

48. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 47 of this Complaint as though set forth at length herein.

49. Section 1692e states that:

7

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . the following conduct is a violation of this section:

(2) The false representation of—
(A) the character, amount, or legal status of any debt;

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

50. While Section 1692e prohibits certain practices, the list is non-exclusive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

51. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

52. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

53. For purposes of Section 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

54. The use of "Original Creditor" without specifying who the current creditor is, falsely represents the character of the debt.

55. listing a creditor that is not and never was the true creditor is a false representation of the character of the debt and comprises of a false representation and deceptive means to collect a debt.

56. Defendant has violated 15 U.S.C. § 1692e, 1692e(2), and 1692e(10) as it used false representations and deceptive means to attempt to collect a debt.  As a result of defendant's violation of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, actual damages, costs and attorney fees.

## CLASS ALLEGATIONS

57. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

8

58. The class consists of (a) all natural persons (b) who were sent a letter as Exhibit A (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

59. The class is so numerous that joinder is impracticable.

60. On information and belief, there are more than 50 natural persons who were sent a letter similar to Exhibit A on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

61. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions with respect to the First and Second Causes of Action are:

    a. whether the debt collector sent the consumer written notice containing the required language as set forth in 15 U.S.C. § 1692g(a)(4); and

    b. Whether the letter violates the FDCPA.

And with respect to the Third and Fourth Causes of Action:

    a. whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), and 1692g;

    b. Whether Plaintiff and the Class have been injured by the defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory relief.

62. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

63. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

64. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a) Statutory damages;

b) Attorney's fees, litigation expenses and costs of suit;

c) Declaratory relief finding the collection letter violates the FDCPA; and

d) For such other and further relief which this court deems just and proper.

Dated: Brooklyn, New York
February 14, 2017

SHAKED LAW GOUP, P.C.
Attorneys for Plaintiff
By: *[signature]*
Dan Shaked (DS-3331)
44 Court St., Suite 1217
Brooklyn, NY 11201
Tel. (917) 373-9128
Fax (718) 704-7555
e-mail: ShakedLawGroup@Gmail.com

**JURY DEMAND**

Plaintiff hereby demands trial by jury.

*[signature]*
Dan Shaked (DS-3331)